GRIMES, Judge.
In December 1974, four persons (the Weaner group) commenced negotiations for the acquisition of stock in the Interbay Citizens Bank of Tampa, Florida (bank). The total outstanding capital stock of the bank is 96,000 shares. By January 7, 1975, the Weaner group had acquired over 25,000 shares of this stock. At that point, the bank filed suit for injunctive relief contending that the Weaner group was violating Fla.Stat. § 659.14 because it had not obtained the approval of the Department of Banking and Finance (Department) for change of control. The court issued a temporary restraining order blit set a hearing to show cause why the order should not be dissolved. On January 9, 1975, the Weaner group filed an application for change of control, but the Department had not taken action on the application by the time of the hearing. Following the hearing, the court entered an order temporarily enjoining the Weaner group from acquiring the ownership, control or beneficial interest in a majority of the outstanding capital stock of the bank until approval of the proposed change of control by the Department.
At the same time, the court denied the bank’s request to enjoin the Weaner group from attempting to acquire additional stock *836 not constituting a majority thereof prior to the approval. The court also denied the bank’s request that the Weaner group be required to divest itself of the shares of stock previously acquired or be prevented from voting this stock. The bank has filed an interlocutory appeal from that portion of the order which denied its requests for additional relief.
Fla.Stat. § 659.14 (1973) reads as follows :
“659.14 Acquisition of majority stock in existing bank or trust company. — In any cas.e where a person, a group of persons, or a corporation proposes to purchase or acquire the majority of the outstanding capital stock of any state bank or trust company and thereby to change the control of said bank or trust company, such person, shall first make application to the commissioner for a certificate of approval of such proposed change of control of said bank or trust company and said application shall contain the name and address of the proposed new owner or owners of the controlling stock and the said department shall issue said certificate or approval only after it has become satisfied that the proposed new owner or owners of the controlling stock is qualified by character, experience and financial responsibility to control and operate the said bank or trust company in a legal and proper manner, and that the interests of the stockholders, depositors and creditors of the bank or trust company and the interests of the public generally will not be jeopardized by the proposed change in ownership and management.”
Apparently, this statute has never been previously construed in an opinion of a Florida appellate court.
There is no dispute over the fact that the Weaner group intends to try to obtain the majority of the stock in the bank. The bank contends that once having formed the intent, it was incumbent upon the Weaner group to obtain the approval required by the statute before acquiring any of the stock. Apparently, the court below viewed the statute as only requiring approval of the Department before a majority of the stock could be acquired. We agree.
At the outset, it should be noted that the statute does not address itself to the possibility that a bank whose shares were widely held might be controlled by ownership of less than a majority of the outstanding stock. The statute equates the ownership of the majority of the stock with control. Therefore, we must do the same.
Our interpretation of -the language of the statute leads us to believe that approval of the Department must be obtained before a majority of the stock can be acquired but does not prevent the acquisition of stock in an amount less than a majority without such approval. The protection to the public which the statute is obviously intended to provide is that change of control, i. e., management, of a bank shall not come about unless the persons who are attempting to obtain the control have been approved as suitable for this purpose. The order of the court below precluded change of ownership and control without this approval but properly denied the bank’s prayer that the Weaner group be required to divest or be restrained from voting the stock or from continuing to acquire stock totalling less than a majority.
We do not read the statute as requiring that once a person or group forms an intent to obtain the majority of the stock, the Department’s approval must be obtained before any stock is acquired. Aside from the difficulties implicit in determining when or if an intent to acquire a majority of the stock has occurred, the practical result of such an interpretation would be to drive the price of the stock to an artificially high level and to bog down the Department in screening applications which might never come to fruition.
Affirmed.
McNULTY, C. j., and HOBSON, J., concur.